By the Court.—Monell, Ch. J.
We held, in Gregg v. Howe (37 Sup'r Ct. R. 420), that an exception to a decision denying a motion to postpone a trial, was available upon an appeal from the judgment. The appellant has brought himself within that decision, and is, therefore, entitled to be heard.
In the case referred to, the court had before it, in hearing the appeal, only the affidavit of the moving party ; and as that was prima facie sufficient, and there were no circumstances of suspicion appearing, we thought that the judge at the trial term ought to have granted the motion. It did not appear what facts, if any, were stated or verified in opposition to the motion; and in the absence of such facts appearing in the case, *253 we were bound to assume that nothing was stated in opposition. But as we felt authorized to believe that the court did not arbitrarily dispose of the motion, but had some foundation of fact for its decision to rest upon, and that the omission of such facts from the case was probably the result of accident or an insufficient appreciation of the importance of inserting them, we deemed it. proper to direct attention to the subject, and suggested that care should be taken to see that the case contained all the facts before the court when the decision was made.
The suggestion has been adopted in the case now before us, and we are put in possession of all the facts sworn to, or orally stated to the court, upon and in opposition to the motion.
The appellant objects to the oral statement made by counsel, and claims that as it was not made under oath, it should not have been received as evidence.
We strongly intimated in Gregg v. Howe, that such statements were clearly admissible, and we now affirm that position.
It is always competent to require such statements to be put into the form of an affidavit, and no one is bound to accept them otherwise if he insists upon the right to require them to be sworn to. But if oral and unverified statements of counsel are not objected to on the ground that they are not in ’writing and verified, and are not contradicted, they are not only competent as evidence to oppose an application of this nature, but are entitled to the same credence.
I have examined the facts the learned judge had before him when he denied the defendant’s motion, and I am satisfied he committed no error.
It appears that the first postponement was in February, for a fortnight, to enable defendant to get ready for trial. The cause was called again in March, and the defendant expressed his desire to amend his *254 answer, and the trial was put off. A motion to amend was granted, but on terms unsatisfactory to the defendant, and he appealed from the order. When the cause was called on May 10, the pendency of the appeal, after an ineffectual attempt to obtain a stay of proceedings at special term, was made the objection to going to trial, and the court overruled it. The next day the same objection was re-stated, with the additional reason, that the defendant’s counsel was elsewhere engaged. The objections were again overruled, and the cause held for trial when reached on the day calendar. On the 12th, the defendant’s attorney made affidavit of the absence of a material witness, whose absence he had discovered only on the previous day. And the defendant, in an affidavit of May 11, stated that he had that day made inquiry, and had ascertained that his witness had been absent two weeks in North Carolina.
A most essential element in an application to postpone a trial is to show diligence in procuring the attendance of witnesses. No such diligence was shown by the defendant in this case. Suitable vigilance would have procured the witness’s conditional examination or his attendance.
To vary the reasons for a postponement on different days very naturally raises a doubt of the good faith of the application, and will frequently be deemed sufficient to defeat the motion.
Apparently, the absent witness was not brought in as a ground for postponement until a last resort. The pendency of the appeal and the absence of counsel, had on consecutive days been ineffectual, and then at the last moment, an affidavit, which lacked showing due diligence, was pressed into the defendant’s service.
Where there is conflict in the proofs before the court below, the judge is quite as competent to determine the facts, and better able than the court in banc can be. *255 And Ms decision as to the facts, like the verdict of a jury, will not be disturbed.
I am satisfied the learned judge in this case came to a correct conclusion, and committed no error in denying the defendant’s motion.
The judgment appealed from should be affirmed.
Curtis, J., concurred.